UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

VICKI PATCH and JOSEPH PATCH,

          Plaintiffs,

    v.

UNITED STATES OF AMERICA,

          Defendant.

**COMPLAINT**

Index No.: 3:24-cv-50 (GTS/ML)

Plaintiffs, Vicki Patch and Joseph Patch, by and through their attorneys, Hinman, Howard & Kattell, LLP, as and for their Complaint against the Defendant, the United States of America, allege the following:

## **PARTIES**

1.    At all times hereinafter mentioned, the Plaintiffs, Vicki Patch and Joseph Patch (hereinafter collectively "Plaintiffs"), were and still are married, and were and still are citizens of the State of New York.

2.    Defendant, the United States of America, by and through the United States Postal Service ("USPS"), is a Federal agency, with a branch located in Binghamton, New York.

3.    United States Postmaster General is the highest ranking official in the USPS, with offices in Washington, D.C.

## **JURISDICTION**

4.    This Court has original, but not exclusive, jurisdiction over any action brought by or against the United States and the USPS in accordance with 39 U.S.C. § 409 and 28 U.S.C. § 1346.

5.    Plaintiffs filed a claim on April 6, 2023 (Exhibit 1) with the USPS. The USPS has

failed to make a final disposition of Plaintiffs' claim within six months after it was filed. Plaintiffs have therefore complied with 28 USCS § 2675.

## FACTS

6.    On the 27th day of August 2022, at approximately 7:15 p.m., the Plaintiff, Vicki Patch, was walking on the sidewalk outside of a Boscov's Department Store, located at 11 Court Street, Binghamton, New York, when she tripped over a bolt protruding from the ground.

7.    Upon information and belief, the bolt had previously been used to secure a USPS mailbox, which had previously been damaged and removed, leaving the bolt exposed to pedestrians lawfully walking on the sidewalk.

8.    At all times hereinafter mentioned, Defendant, through the USPS, owned, controlled and/or maintained the mailbox outside of the Boscov's Department Store, located at 11 Court Street, Binghamton, New York.

9.    As a result of the fall, Plaintiff, Vicki Patch, was taken by ambulance to Lourdes Hospital in Binghamton, New York, where it was determined that she had sustained various injuries including, but not limited to, a fractured right shoulder.

## FIRST CAUSE OF ACTION

10.    Plaintiffs repeat and reallege paragraphs "1" through "9" of the Complaint as if fully set forth herein and further states and alleges:

11.    That the said accident on August 27, 2022, and the injuries to Plaintiff, Vicki Patch, resulting therefrom were caused solely by reason of the negligence of the Defendant, its agents, servants and/or employees, and without any negligence on the part of the Plaintiff contributing thereto.

12.    That the negligence of the Defendant, its agents, servants and/or employees

consisted, among other things:

    a.    in the negligent, wrongful and careless control of the sidewalk, and more specifically the mailbox attached thereto;

    b.    in creating a dangerous and defective condition;

    c.    in failing to take any preventative action to remedy the hazardous, defective and dangerous condition which then and there existed and had existed for an unreasonable period of time, resulting in a dangerous and hazardous and defective condition;

    d.    in failing to warn the Plaintiff and others of the dangerous conditions which existed;

    e.    in failing to place any signs of warning or barricade or otherwise to warn the Plaintiff and others of the dangerous condition on the sidewalk;

    f.    in failing to remove the bolt which protruded from the sidewalk;

    g.    in then and there carelessly and negligently permitting the aforesaid area to remain in said dangerous and defective condition; and

    h.    failing to take any precautions whatsoever to prevent Plaintiff, Vicki Patch, from falling.

13. That solely by reason of the said accident and the negligence of the Defendant as aforesaid, the Plaintiff, Vicki Patch, became sick, sore, lame, and disabled, and so remains. She suffered and still suffers great physical and mental pain and sustained severe shock and injuries in and about her head, body, limbs and nervous system; that she has been informed and believes her injuries are and will be permanent and that she will be disabled in the future, and that she was otherwise injured.

14.     By reason of the foregoing negligence of the Defendant, the Plaintiff, Vicki Patch, has been injured and suffered damages in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION

15.     Plaintiffs repeat and reallege the allegations contained within paragraphs numbered "1" through "14" as though fully set forth and repeated herein.

16.     That in consequence of the Defendant's said negligence, Plaintiff, Joseph Patch's, wife was severely and is permanently injured. Plaintiff, Joseph Patch, was obliged to and did necessarily employ medical aid and attendants for his wife, and did necessarily become liable for hospital, nursing, medical aid and medicine expenses. Plaintiff, Joseph Patch, will hereafter incur further expenses of similar character. In consequence of said injuries, Plaintiff's wife has been unable to perform the usual duties which she had theretofore performed for the Plaintiff.

17.     That in consequence of said injuries, Plaintiff, Joseph Patch, has also been deprived of his wife; his comfort in her society and companionship have been impaired. Plaintiff, Joseph Patch, is informed and believes that his deprivation and impairment will necessarily continue for a long time to come, all to the Plaintiff, Joseph Patch's damage in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## JURY DEMAND

18.     Plaintiffs repeat and reallege paragraphs "l" through "17" of the Complaint as if fully set forth herein.

19.     Plaintiffs hereby respectfully demand a jury trial on all issues herein.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction,

together with the costs and disbursements of this action and for such other and further relief as to

the Court may deem just and proper.

Dated:  Binghamton, New York                    HINMAN, HOWARD & KATTELL, LLP
          January 9, 2024


_____

Jeffrey A. Jaketic, Esq. (NDNY 303223)
*Attorneys for Plaintiffs*
80 Exchange Street
P.O. Box 5250
Binghamton, NY  13902-5250
Telephone: (607) 231-6742
Email:  jjaketic@hhk.com

5