UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

VICKI PATCH and JOSEPH PATCH,

                Plaintiffs,

    v.

UNITED STATES OF AMERICA, THE CITY OF
BINGHAMTON, BOSCOV'S INC., BOSCOV'S
DEPARTMENT STORE, LLC, BOSCOV'S
INVESTMENT COMPANY, INC., and COREY
L. MURRY,

                Defendants.

_____

Civil Case No.: 3:24-cv-50-GTS-ML

**ANSWER TO SECOND AMENDED
COMPLAINT**

The City of Binghamton (hereinafter "Defendant"), by and through its attorneys, MANCUSO BRIGHTMAN PLLC, as and for an Answer to the Plaintiffs' Second Amended Complaint responds as follows:

## PARTIES

1. Defendant DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Second Amended Complaint (hereinafter "SAC").

2. Defendant DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the SAC, as phrased.

3. Defendant ADMITS that the allegations in Paragraph 3 of the SAC.

4. Defendant DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the SAC, as phrased.

5. Defendant DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the SAC, as phrased.

1

6. Defendant DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the SAC, as phrased.

7. Defendant DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the SAC, as phrased.

**JURISDICTION**

8. Paragraph 8 of the SAC contains a legal conclusion to which no response is required. To the extent a response is required, Defendant DENIES the allegations in Paragraph 8 of the SAC.

9. Defendant DENIES knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the SAC.

10. Paragraph 10 of the SAC contains a legal conclusion to which no response is required. To the extent a response is required, Defendant DENIES the allegations in Paragraph 8 of the SAC.

11. Defendant DENIES that venue is proper in the United States District Court for the Northern District of New York.

12. Regarding Paragraph 12 of the SAC, Defendant ADMITS that "[o]n October 26, 2022, Plaintiffs caused a Notice of Claim, the writing, sworn to by the Plaintiffs, to be served on the Defendant, the City of Binghamton," and "this action was not commenced until the expiration of thirty (30) days after the service of such notice," but DENIES each and every remaining allegation in that paragraph.

**FACTS**

13. Defendant DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the SAC.

2

14. Defendant DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the SAC.

15. Defendant DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the SAC.

16. Defendant DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the SAC.

17. Defendant DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the SAC.

<b>FIRST CAUSE OF ACTION</b>

18. Defendant repeats its previous responses to Paragraphs 1 through 17 above, as if fully set forth herein.

19. Defendant DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the SAC.

20. Paragraph 20 of the SAC, and each of its subparts (a-h), contain legal conclusions and simply restate the elements of the cause of action, so no response is required. To the extent a response is required, Defendant DENIES the allegations in Paragraph 20 of the SAC and each of its subparts.

21. Defendant DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the SAC.

22. Defendant DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the SAC.

<b>SECOND CAUSE OF ACTION</b>

23. Defendant repeats its previous responses to Paragraphs 1 through 22 above, as if fully set forth herein.

3

24. Defendant DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the SAC.

25. Defendant DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the SAC.

## JURY DEMAND

26. Defendant repeats its previous responses to Paragraphs 1 through 25 above, as if fully set forth herein.

27. Defendant DENIES that Plaintiffs are entitled to a jury trial in a Federal Tort Claims Act (FTCA) case brought against the United States.  28 U.S.C. § 2402.

28. Defendant DENIES that Plaintiffs are entitled to the relief requested in the unnumbered WHEREFORE clause.

## AFFIRMATIVE DEFENSES

### 1ST AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

29. The SAC fails to state a cause of action upon which relief may be granted as against the City of Binghamton.

### 2ND AFFIRMATIVE DEFENSE
### FAILURE TO MITIGATE DAMAGES

30. Plaintiffs failed to mitigate their damages.

### 3RD AFFIRMATIVE DEFENSE
### NO DUTY TO PLAINTIFFS

31. The City of Binghamton had no duty to Plaintiffs.

### 4TH AFFIRMATIVE DEFENSE
### DUTY TO PLAINTIFFS NOT ASSUMED

32. The City of Binghamton did not assume a duty to Plaintiffs.

### 5TH AFFIRMATIVE DEFENSE
### NO BREACH OF DUTY

33.     If the Court finds that the City of Binghamton had a duty to Plaintiffs, then the City of Binghamton did not breach that duty.

### 6TH AFFIRMATIVE DEFENSE
### NO NOTICE OF ALLEGED DEFECTIVE CONDITION

34.     The City of Binghamton had no actual, constructive, written and/or any type of notice of the alleged defective condition.

35.     The causes of action may not be maintained because no written notice of the existence of any defect in the street, highway, sidewalk, or crosswalk was actually given to the City of Binghamton.

36.     The causes of action may not be maintained because no written notice, specifying the particular place, of any defect in any City of Binghamton street, highway, sidewalk, or crosswalk was actually given to the City of Binghamton.

### 7TH AFFIRMATIVE DEFENSE
### OPEN & OBVIOUS CONDITION

37.     The alleged condition was an open and obvious risk, and readily observable by Plaintiffs.

### 8TH AFFIRMATIVE DEFENSE
### FAILURE TO SEE OPEN & OBVIOUS CONDITION

38.     Plaintiffs failed to see what could easily be seen.

### 9TH AFFIRMATIVE DEFENSE
### KNOWLEDGE OF ALLEGED DEFECTIVE CONDITION

39.     Plaintiffs knew of the alleged condition, which was open, obvious, and readily observable by Plaintiffs.

### 10TH AFFIRMATIVE DEFENSE
### NO OWNERSHIP

40.    The City of Binghamton is neither the owner of the subject sidewalk, nor is it responsible for maintaining said sidewalk.

### 11TH AFFIRMATIVE DEFENSE
### REASONABLE CARE

41.    If a Court finds that the City of Binghamton is the owner, then the City of Binghamton used reasonable care.

### 12TH AFFIRMATIVE DEFENSE
### OWNER OF ABUTTING PROPERTY LIABLE

42.    If any person owed a duty to the Plaintiffs, it is the owner of the property abutting the subject sidewalk.

### 13TH AFFIRMATIVE DEFENSE
### OWNER OF OBSTRUCTION LIABLE

43.  If any person or entity owed a duty to the Plaintiffs, it is the owner of the obstruction alleged to have caused the alleged fall that is the subject of the SAC.

### 14TH AFFIRMATIVE DEFENSE
### UNFORESEEABLE

44.  The subject incident was not foreseeable.

### 15TH AFFIRMATIVE DEFENSE
### ASSUMPTION OF RISK

45.  Plaintiffs assumed the risk related to the alleged defective condition.

### 16TH AFFIRMATIVE DEFENSE
### CONTRIBUTORY NEGLIGENCE

46.    Plaintiffs' contributory negligence caused the damages alleged in the Complaint. If Plaintiffs are entitled to recover damages as alleged in the SAC, those damages should be

diminished in the proportion that the culpable conduct attributable to Plaintiffs bears to the culpable conduct which caused the alleged damages.

### 17TH AFFIRMATIVE DEFENSE
### CONTRIBUTORY NEGLIGENCE

47.     That any injuries/damages sustained by the Plaintiffs were caused solely or in part by reason of the Plaintiffs' own negligence and were not caused or contributed to by reason of any negligence whatsoever on the part of the City of Binghamton.

### 18TH AFFIRMATIVE DEFENSE
### COMPARATIVE FAULT

48.     Plaintiffs' comparative fault caused the damages alleged in the Complaint. If Plaintiffs are entitled to recover damages as alleged in the SAC, those damages should be diminished in the proportion that the culpable conduct attributable to Plaintiffs bears to the culpable conduct which caused the alleged damages.

### 19TH AFFIRMATIVE DEFENSE
### INTERVENING ACTS

49.     There are intervening acts of malfeasance and/or misfeasance which are the superseding and sole proximate cause of the Plaintiffs' injuries and as such the City of Binghamton is not liable.

### 20TH AFFIRMATIVE DEFENSE
### COMPARATIVE LIABILITY

50.     If the City of Binghamton is found liable, which the City of Binghamton denies, then the City of Binghamton's liability is 50% or less than the total liability assigned to all persons, and/or corporations liable. Therefore, the City of Binghamton's liability shall not exceed its equitable share determined in accordance with the relative culpability of each person/corporation causing or contributing to the total liability.

**21ST AFFIRMATIVE DEFENSE**
**COLLATERAL SOURCES**

51.     The City of Binghamton is entitled to a set off against the amount of any verdict from collateral sources of payment pursuant to applicable sections of the CPLR, including but not limited to, CPLR § 4545.  Some or all of the damages alleged in the SAC are barred and/or subject to the qualifications and limitations of the provisions of Section 4545 of the CPLR.

**22ND AFFIRMATIVE DEFENSE**
**CONDITION PRECEDENT**

52.     The SAC should be dismissed for failing to comply with required conditions precedent, including the lack of prior written notice.

**23RD AFFIRMATIVE DEFENSE**
**DERIVATIVE LOSS / LOSS OF SERVICES**

53.     Any derivative loss to Plaintiffs was directly attributable to that degree of negligence of the plaintiff, and accordingly, any judgment for loss of services shall be diminished by the proportion of culpable conduct attributable to plaintiff, which directly caused the injuries and loss of services alleged by plaintiff.

**24TH AFFIRMATIVE DEFENSE**
**GENERAL OBLIGATIONS LAW § 15-108**

54.     In the event of any prior or subsequent settlement entered into between Plaintiffs and another person(s) or parties liable, or claimed to be liable, in tort for the same injury complained of here, is covered by General Obligations law, and the City of Binghamton asserts all relevant provisions of General Obligations Law.

**25TH AFFIRMATIVE DEFENSE**
**STATUTE OF LIMITATIONS**

55.     The SAC is barred by the applicable statute of limitations.

### 26TH AFFIRMATIVE DEFENSE
**IMMUNITY**

56.     Some or all of Plaintiffs' claims are barred by immunity doctrines.

### 27TH AFFIRMATIVE DEFENSE
**CPLR ARTICLE 14**

57.     Pursuant to Article 14 of the CPLR, the relative culpability of each party or person(s) who is or may be liable to contribute to any liability for the damages alleged by Plaintiffs in this action should be determined in accordance with the decisional and statutory law of the State of New York, in such cases made and provided, and the equitable share of each party or person(s) liable for contribution should be determined and apportioned in accordance with the relatively culpability of each party or person(s).

### 28TH AFFIRMATIVE DEFENSE
**RESERVING RIGHTS**

58.     The City of Binghamton reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.  The City of Binghamton asserts all applicable statutory limitations with respect to Plaintiffs' claims for damages.

### CROSS-CLAIM AGAINST THE UNITED STATES OF AMERICA AND/OR THE UNITED STATES POSTAL SERVICE

59.     The incident alleged in the SAC was caused, contributed to, and brought about, in whole or in part, by the negligence and want of care of the co-Defendant, the United States of America and/or the United States Postal Service, without any negligence or wrongdoing on the part of the City of Binghamton.  By reason of the foregoing, if Plaintiffs recover a judgment against the City of Binghamton, the City of Binghamton will have a claim against the co-Defendant, the United States of America and/or the United States Postal Service, in contribution, indemnity,

statutory, decisional case law of New York state, or common law for all or a portion of any judgment recovered against answering defendant plus interest, costs and disbursements.

**CROSS-CLAIM AGAINST BOSCOV'S INC.,
BOSCOV'S DEPARTMENT STORE, LLC, &
BOSCOV'S INVESTMENT COMPANY, INC**

60.    The incident alleged in the SAC was caused, contributed to, and brought about, in whole or in part, by the negligence and want of care of the co-Defendants, Boscov's Inc., Boscov's Department Store, LLC, and Boscov's Investment Company, Inc., without any negligence or wrongdoing on the part of the City of Binghamton.  By reason of the foregoing, if Plaintiffs recover a judgment against the City of Binghamton, the City of Binghamton will have a claim against the co-Defendants, Boscov's Inc., Boscov's Department Store, LLC, and Boscov's Investment Company, Inc., in contribution, indemnity, statutory, decisional case law of New York state, or common law for all or a portion of any judgment recovered against answering defendant plus interest, costs and disbursements.

**CROSS-CLAIM AGAINST COREY L. MURRY**

61.    The incident alleged in the SAC was caused, contributed to, and brought about, in whole or in part, by the negligence and want of care of the co-Defendant, Corey L. Murry, without any negligence or wrongdoing on the part of the City of Binghamton.  By reason of the foregoing, if Plaintiffs recover a judgment against the City of Binghamton, the City of Binghamton will have a claim against the co-Defendant, Corey L. Murry, in contribution, indemnity, statutory, decisional case law of New York state, or common law for all or a portion of any judgment recovered against answering defendant plus interest, costs and disbursements.

**JURY DEMAND**

62.    The City of Binghamton demands a trial by jury for the claims that are not questions of law and affirmative defenses asserted in this action.

10

**WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiffs' SAC with prejudice, award Defendant its costs and attorneys' fees, and grant such other and further relief as the Court deems just and proper.

Dated: August 16, 2024        WEAVER MANCUSO BRIGHTMAN PLLC
       Rochester, New York

_____
SHANNON T. O'CONNOR, ESQ.
*Attorneys for Defendant City of Binghamton*
16 Oswego Street, Suite 2
Baldwinsville, New York 13027
315-382-5244
soconnor@mbnylaw.com

## CERTIFICATE OF SERVICE

I hereby declare and certified that on August 16, 2024, I caused to be served upon the Plaintiffs in the above-captioned action a true and correct copy of the Answer to the Second Amended Complaint, electronically filed in the above-captioned action on August 16, 2024, by placing the same in a postage-paid envelope bearing the address set forth below and depositing in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

Jeffrey A. Jaketic, Esq. (NDNY 303223)
HINMAN, HOWARD & KATTELL, LLP
Attorneys for Plaintiffs
80 Exchange Street
P.O. Box 5250
Binghamton, NY 13902-5250
Telephone: (607) 231-6742
Email: jjaketic@hhk.com

SHANNON T. O'CONNOR, ESQ.
WEAVER MANCUSO BRIGHTMAN PLLC
*Attorneys for Defendant City of Binghamton*
16 Oswego Street, Suite 2
Baldwinsville, New York 13027
315-382-5244
soconnor@mbnylaw.com

Sworn to before me this
16th day of August, 2024

Notary Public

JESSALEE HARTLE
Notary Public, State of New York
No.01HA6390276
Qualified in Monroe County
Commission Expires April 15, 2027

12