**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| VICKI PATCH and | : | |
| JOSEPH PATCH, | : | |
| | : | |
| Plaintiffs | : | |
| v. | : Civil Action No. 3:24-cv-50 (GTS/ML) | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| THE CITY OF BINGHAMTON, | : Amended Answer to Second Amended | |
| BOSCOV'S INC., BOSCOV'S | : Complaint, Affirmative Defenses, | |
| DEPARTMENT STORE, LLC, | : Crossclaims, Answer to Crossclaims, | |
| BOSCOV'S INVESTMENT | : and Jury Demand | |
| COMPANY, INC., and COREY | : | |
| MURRY, | : | |
| Defendants | : | |

Defendants Boscov's Inc., Boscov's Department Store, LLC, and Boscov's Investment Company, Inc. (hereinafter collectively referred to at times as "Defendants"), by and through their undersigned counsel, herein amend their previously filed Answer to the Second Amended Complaint as follows:

**PARTIES**

1.      Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

2.      Neither admit nor deny as this allegation is directed toward another party over whom these Defendants have no control.

3.      Neither admit nor deny as this allegation is directed toward another party over whom these Defendants have no control.

4.      Deny except admit that Boscov's does business in New York.

1

5.    Deny except admit that Boscov's does business in New York.

6.    Deny except admit that Boscov's does business in New York.

7.    Neither admit nor deny as this allegation is directed toward another party over whom these Defendants have no control.

## JURISDICTION

8.    Neither admit nor deny as this allegation is directed toward another party over whom these Defendants have no control.

9.    Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

10.    Deny and refer all matters of law to the Honorable Court.

11.    Deny and refer all matters of law to the Honorable Court.

12.    Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

## FACTS

13.    Neither admit nor deny as this allegation is directed toward another party over whom these Defendants have no control.

14.    Deny insofar as directed toward these Defendants.

15.    Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

16.    Deny insofar as directed toward these Defendants.

17.    Deny knowledge and information sufficient to form a belief as to the truth of this allegation.

## FIRST CAUSE OF ACTION

18.    These Defendants repeat each and every denial heretofore made as if more fully set forth at length herein.

19.    Deny insofar as directed toward these Defendants.

20.    Deny insofar as directed toward these Defendants.

21.    Deny insofar as directed toward these Defendants.

22.    Deny insofar as directed toward these Defendants.

## SECOND CAUSE OF ACTION

23.    These Defendants repeat each and every denial heretofore made as if more fully set forth at length herein.

24.    Deny insofar as directed toward these Defendants.

25.    Deny insofar as directed toward these Defendants.

## JURY DEMAND

26.    These Defendants repeat each and every denial heretofore made as if more fully set forth at length herein.

27.    Neither admit nor deny as this is not an allegation for which a response is required.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint, fails in whole or in part, to state a claim upon which relief can be granted.

2.    These Defendants owed no duty to Plaintiffs, and to the extent the Court holds that such a duty was owed, said duty was not breached.

3

3. These Defendants did not proximately cause Plaintiff's claimed injuries and damages.

4. Plaintiff's damages shall be reduced, in whole or in part, by her own percentage of negligence pursuant to CPLR §1411.

5. Plaintiffs may have failed to mitigate their damages.

6. Plaintiffs' claims are limited or barred by the doctrines of collateral estoppel, payment, release, waiver and/or failure of a condition precedent

7. Plaintiffs' action is limited and/or barred by contributory negligence, comparative negligence, and/or assumption of risk and/or superseding intervening cause.

8. Plaintiff's injuries and damages were caused by third parties over whom these Defendants have no control.

9. The allegedly dangerous condition was trivial as a matter of law and/or open and obvious and therefore not actionable.

10. Some or all of Plaintiff's alleged economic losses were or will be replaced or indemnified, in whole or in part, by collateral sources. Therefore, any award for economic loss should be reduced thereby pursuant to CLPR § 4545.

11. If Defendants are found liable, Defendants' liability is 50 percent or less of the total liability assigned to all persons liable. By reason thereof, the liability of Defendants to the Plaintiff for non-economic loss shall not exceed Defendants' equitable share of liability determined in accordance with the relative culpability for each person causing or contributing to the total liability for non-economic loss.

12. The relative culpability of each party who is or may be liable for the damages alleged by Plaintiff in this action should be determined in accordance with the decisional and

4

statutory law of the State of New York, and the equitable share of each party's liability for contribution should be determined and apportioned in accordance with the relative culpability, if any, of each such party pursuant to Article 14 of the CPLR.

13.     Plaintiff may have failed to join an indispensable party to this action.

14.     Pursuant to the provisions of Section 15-108 of the General Obligations Law, Defendants are entitled to a reduction of any adverse judgment by either the total settlement amount paid by any other tortfeasors or in the amount of the released tortfeasors' equitable share of the damages under Article 14 of the Civil Practice Law and Rules, whichever is the greatest.

15.     Plaintiffs' action may be barred under the doctrine of collateral estoppel and/or claim preclusion, and res judicata and/or issue preclusion.

16.     To the extent the Complaint may seek punitive damages, it fails to state a cause of action for which punitive damages can be awarded and to the extent such punitive damages are sought, the Complaint should be dismissed pursuant to CPLR §§ 3211(a)(5) and 3211(a)(7). Defendants reserve their right to move to strike any and all punitive language from the verified complaint and all future pleadings.

17.     If Plaintiff is entitled to recover damage for loss of earnings or impairment of earning capacity as against Defendants by reason of the matters alleged in the verified complaint, liability for which is hereby denied, then the amount of damages recoverable against Defendants, if any, shall be reduced by the amount of federal, state, and local income taxes which the Plaintiff would have been obligated by law to pay.

18.     Plaintiffs' claim is barred or, at the very least, the damage to which it is entitled is reduced by virtue of the Doctrine of Avoidable Consequences.

19.     Any outstanding medical bills and expenses claimed by the Plaintiff are not reasonable and necessary medical expenses incurred as a result of the injuries sustained in the accident alleged and/or resulted from or were necessitated by causes or conditions unrelated to said accident and for which Defendants are not responsible.

20.     Plaintiff has failed to provide adequate and sufficient medical proof of his entitlement to recovery of the medical bills and expenses alleged and is therefore barred from recovery.

21.     Plaintiff's actions were the sole proximate cause of the accident.

22.     Plaintiffs, even in the event of a recovery against Defendants, are not entitled to attorney's fees and costs.

23.     Defendants will rely upon the provisions of Article 16 of the CPLR with regard to the limitation of joint and several liability.

24.     Defendants reserve their right to amend its separate defenses and to assert additional defenses and/or supplement, alter or change its separate defenses upon completion of appropriate investigation and discovery.

**WHEREFORE**, Defendants demand judgment against the Plaintiffs, dismissing the Complaint, together with costs and disbursements of this action and such further relief as the Court may deem just.

### CROSS CLAIM FOR CONTRIBUTION

Assuming, without conceding, that the allegations of Plaintiffs are true, then Plaintiff's damages were caused, in whole or in part, by the negligence of any and all co-defendants who have been or may be joined and/or impleaded into this action.  Accordingly, and pursuant to CPLR §1402 and/or the FRCP/Federal Common Law, these Defendants demand judgment

against said co-defendants for all sums of money which may be assessed against it in favor of the plaintiff, together with such further relief as the court deems just.

## CROSS-CLAIM FOR COMMON LAW INDEMNITY

While denying any liability for damages to plaintiff, if these Defendants are found liable to plaintiff by reason of the alleged acts complained of, then these Defendants assert that their liability is merely constructive, technical, imputed, or vicarious, and that the plaintiff's damages arose out of the direct and primary negligence of any and all co-defendants who have been or may be joined and/or impleaded into this action. Accordingly, these Defendants demand judgment against said co-defendants for all sums of money which may be assessed against them and in favor of plaintiff, together with reasonable attorneys' fees and costs and such further relief as the Court deems just.

## ANSWER TO CROSS CLAIMS

These Defendants deny any and all crossclaims that have been or may be asserted at a later date by all co-defendants who have been or may be joined and/or impleaded into this action.

## DEMAND FOR TRIAL BY JURY

These Defendants hereby demand a trial by jury on all issues in this case.

CIPRIANI & WERNER, P.C.

*/s/ Michael D. Noblett, Esq.*
Michael D. Noblett, Esq.
Attorneys for Defendants:
Boscov's Inc.,
Boscov's Department Store, LLC, and
Boscov's Investment Company, Inc.
mnoblett@c-wlaw.com
(848) 229-3300 (Main)
(848) 305-9190 (Direct)
485(E) Route 1 South, Suite 120
Dated:  September 5, 2024                    Iselin, New Jersey 08830

7