UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VICKI PATCH and JOSEPH PATCH,

           Plaintiffs,

v.

UNITED STATES OF AMERICA, THE CITY OF BINGHAMTON, BOSCOV'S INC., BOSCOV'S DEPARTMENT STORE, LLC, BOSCOV'S INVESTMENT COMPANY, INC., and COREY L. MURRY,

           Defendants.

Civil Action No.
3:24-cv-50 (GTS/ML)

---

<u>Stipulation For Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677</u>

    It is hereby stipulated by and between Plaintiffs VICKI PATCH and JOSEPH PATCH and Defendant UNITED STATES OF AMERICA, by and through their respective attorneys, as follows:

    1.    The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation for Compromise Settlement and Release of Federal Tort Claims Act claims pursuant to 28 U.S.C. § 2677 ("Stipulation for Compromise Settlement.").

    2.    This Stipulation for Compromise Settlement is not, is in no way

intended to be, and should not be, construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. Defendant agrees to pay Plaintiff the sum of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, including any claims for wrongful death, for which Plaintiffs or their heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

4. Plaintiffs and their heirs, executors, administrators, or assigns, hereby agree to accept the sum of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents,

servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit, including any future claim for wrongful death. Plaintiffs and their heirs, executors, administrators or assigns further agree to indemnify and hold harmless the United States of America, its agents, servants and employees from any and all such causes of action, claims, liens, rights or subrogated or contribution interest incident to or resulting from further litigation or the prosecution of claims by Plaintiffs or their heirs, executors, administrators or assigns against any third-party or against the United States, including claims for wrongful death.

5. It is also agreed, by and among the parties, that the settlement sum of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) represents the entire amount of the compromise settlement to be paid by the United States, and that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiffs will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to 28 U.S.C. § 2678, attorney's fees for services rendered shall not exceed 25 percent (25%) of the settlement amount.

7. Plaintiffs stipulate and agree that Plaintiffs' attorney shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the

above-referenced civil action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

8. Payment of the settlement amount of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) will be made by check drawn on the United States Postal Service and payable to Plaintiffs Vicki and Joseph Patch and Hinman Howard and Kattell, LLP as attorneys for Plaintiffs. The check will be mailed to Plaintiffs' attorney at the following address: Jeffrey A. Jaketic, Esq., Hinman, Howard & Kattell, LLP, 80 Exchange Street, PO Box 5250, Binghamton, New York 13902-5250. Plaintiffs' attorney agrees to distribute the settlement proceeds to Plaintiffs and to undertake any and all actions within Plaintiffs' control to obtain a dismissal of the above-captioned action in its entirety, with prejudice, with each party bearing its own fees, costs, and expenses.

9. The parties agree that this Stipulation for Compromise Settlement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consents to such release and disclosure pursuant to 5 U.S.C. ' 552a(b).

10. Plaintiffs must obtain an order from the United States District Court for the Northern District of New York dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this

settlement, or the United States.

11.  Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law. Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

12.  By their signatures hereon, Plaintiffs and counsel for Plaintiffs certify that neither PLAINTIFF VICKI PATCH, nor PLAINTIFF JOSEPH are an infant or incompetent for whom a guardian has been appointed.

13.  Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby. Plaintiffs

further acknowledge that they enter into this Stipulation freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorney, who has explained the documents to Plaintiffs and Plaintiffs understand all the terms and conditions of this Stipulation.

14.   It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this 12 day of May, 2025.

By: _____
VICKI PATCH

Executed this 12 day of May, 2025.

By: _____
JOSEPH PATCH

Executed this 12TH day of May, 2025

    Attorneys for Plaintiffs
    HINMAN, HOWARD & KATTELL, LLP

By: _____
    JEFFREY A JAKETIC, Esq.
    NDNY Bar Roll No. 303223
    80 Exchange Street
    Binghamton, NY 13902
    (607) 231-6742
    jjakletic@hhk.com

Executed this 12th day of May, 2025

    JOHN A. SARCONE
    United States Attorney
    Northern District of New York

By: _____
    CATHLEEN B. CLARK
    Assistant United States Attorney
    NDNY Bar Roll No. 516792
    445 Broadway
    Albany, NY 12207
    (518) 431-0247
    Cathleen.B.Clark@usdoj.gov

IT IS SO ORDERED:

_____
Glenn T. Suddaby
U.S. District Judge

Dated: May 13, 2025
       Syracuse, NY